UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LAFARGE NORTH AMERICA, INC.,

                              Plaintiff,

                                                                     <u>DECISION AND ORDER</u>

                                                                         08-CV-6446L

                    v.

KNIGHT SETTLEMENT SAND & GRAVEL, LLC
and NICOLE L. DICKSON,

                              Defendants.
_____

       Plaintiff Lafarge North America, Inc. ("Lafarge"), brings this action against defendant Knight Settlement Sand & Gravel LLC and Nicole Dickson ("Dickson") (collectively "Knight"), alleging that Knight has breached the terms of a contractual arrangement between the parties.

       Lafarge now moves for summary judgment in its favor, on the grounds that Knight has conceded liability, and that Dickson is liable to indemnify Knight under the terms of a personal guaranty executed by her in connection with an application for credit (Dkt. #22). Knight has cross-moved for summary judgment dismissing the complaint (Dkt. #24). For the reasons that follow, Lafarge's motion is granted, and Knight's motion is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

The material facts in this matter are not in dispute.

On or about June 6, 2002, defendant Dickson, wife of Bryan Dickson, the chairman and sole stockholder of Knight, executed a credit application and personal guaranty (the "Agreement") and submitted it to Lafarge. The application provides that: "[i]n consideration for sales to [Knight] on open account, the Undersigned individually and unconditionally guarantees to Lafarge and its successors, the prompt payment of said account if not paid when due by [Knight]." (Dkt. #1, Exhs. A, B). The Agreement also promises reimbursement for "all attorneys' fees, court costs, and other charges, if this account should be placed in the hands of an attorney for collection." *Id*.

Lafarge approved Knight's applications, and between August 2007 and November 2008, Knight requested, and Lafarge delivered, quantities of cement with an aggregate price of $303,766.67. It is undisputed that Lafarge issued timely and accurate invoices demanding payment of the outstanding account, toward which Knight has never made payment in any amount, and that finance charges have continued to accrue on the balance pursuant to the terms of the Agreement.

On September 29, 2008, Lafarge commenced the instant action, requesting damages in the amount of $303,766.67, together with all accrued finance charges, attorneys fees and costs.

## DISCUSSION

**I.    Summary Judgment**

Summary judgment will be granted if the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). (2000). In

determining a motion for summary judgment, the Court's role is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id*. When considering a motion for summary judgment, the Court must construe all inferences from underlying facts in the light most favorable to the non-movant. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587-88 (1986), *citing United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Granting Knight all favorable inferences, I nonetheless find that Knight has failed to raise a material question of fact concerning Lafarge's entitlement to payment, the accuracy of the outstanding invoices, the total amount of damages incurred by Lafarge, or Dickson's liability under the Agreement's personal guaranty, and therefore judgment should be entered in Lafarge's favor.

**II.    Lafarge's Claims**

There appears to be no question of fact with respect to Knight's liability. Knight expressly "admits owning the principal amount sought by plaintiff Lafarge." Knight merely disputes the amount of finance charges, attorneys fees and costs claimed by Lafarge.

In contrast, Dickson disclaims all personal liability, arguing that her execution of the guaranty was "inadvertent." *See generally GCCFC 2006-GG7 Westheimer Mall, LLC v. Okun*, 2008 U.S. Dist. LEXIS 64152 at *8 (S.D.N.Y. 2008) ("in cases involving debt owed under guaranty obligations, 'a plaintiff establishes its *prima facie* entitlement to summary judgment by establishing the execution of the agreements at issue and nonpayment thereunder"). To the extent that Dickson did not "intend" to personally guarantee Knight's debt, that argument is unavailing. It is well-settled

that, "the signer of [an] instrument, expressive of a jural act, is conclusively bound thereby. That his mind never gave assent to the terms expressed is not material . . . the writing binds him." *Pimpinello v. Swift & Co.*, 253 N.Y. 159, 162 (1930). The Agreement's guaranty provides in bold, capital letters, one paragraph above the signature line signed by Dickson, that "**THE UNDERSIGNED INDIVIDUALLY AND UNCONDITIONALLY GUARANTEES TO LAFARGE AND ITS SUCCESSORS,** THE PROMPT PAYMENT OF SAID ACCOUNT IF NOT PAID WHEN DUE BY [KNIGHT SETTLEMENT SAND AND GRAVEL LLC]." (Dkt. #1, Exh. A at 1) (capitalized and bold in original). There can be no rational dispute that the guaranty's language is clear and unambiguous, and there is no evidence that it was fraudulently obtained. I therefore find that it is fully enforceable against Dickson.

## III. Lafarge's Damages

In addition to the $303,766.67 that Knight concedes it owes Lafarge on outstanding invoices, Lafarge claims finance charges totaling $90,796.00 as of July 7, 2009. (Dkt. #26, Att. 1 at 5-6).[1] I have reviewed Lafarge's calculations, and find them to be consistent with the applicable provisions of the "terms and conditions" set forth in the Agreement (Dkt. #1, Exhs. A and B).

With respect to Lafarge's attorney fees, I find that the amount requested – $35,252.07 – is reasonable in light of the work that was necessarily expended in prosecuting this matter. Indeed, Lafarge's legal fees are largely attributable to Knight's initially vigorous defense in the case, despite the fact that it has now abruptly conceded almost total liability. I have considered Knight's

---

[1] The total finance charges stood at $71,622.40 as of March 1, 2009, and have continued to accrue since that date at the rate of $149.80 per day. (Dkt. #26, Att. 1 at 5-6).

objections to Lafarge's finance charge calculations and itemized legal billing statements, and find them to be without merit.

## CONCLUSION

For the foregoing reasons, Lafarge's motion for summary judgment (Dkt. #22) is granted, Knight's cross-motion for summary judgment (Dkt. #24) is denied, and the Clerk is directed to enter judgment in favor of Lafarge North America, Inc. and against both the defendants, Knight Settlement Sand & Gravel, LLC and Nicole Dickson, in the amount of $429,815.54.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       July 7, 2009.